# 2022-23768

**COURT:**  011th

**FILED DATE:**  4/20/2022

**CASE TYPE:**  Motor Vehicle Accident



### GUAJARDO, DANIEL (INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF

Attorney: VUJASINOVIC, VUK

### vs.

### E M A TRANSPORT SERVICES

Attorney: PENA, JOSEPH GEORGE II

| Docket Sheet Entries | |
|---|---|
| Date | Comment |
| 9/9/2022 | 6C - ORDER FOR AGREED PARTIAL JUDGMENT SIGNED |

4/20/2022 12:57 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 63734194
By: Marcella Hill
Filed: 4/20/2022 12:57 PM

Cause No.:

| | | |
|---|---|---|
| Daniel Guajardo and Luz Buentello, Individually and as Representatives of the Estate of Miriam Buentello, deceased, | § § § § § | In the District Court of |
| vs. | § § § | Harris County, Texas |
| E.M.A. Transport Services and Pablo Isai Frias | § § | _____ Judicial District |

### Plaintiffs' Original Petition and Request for Jury Trial

Plaintiffs complain of E.M.A. Transport Services and Pablo Isai Frias and for causes of action would show as follows:

**1.      Discovery Level**

1.1      Plaintiffs intend to conduct discovery in this matter under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. Plaintiffs seek an amount exceeding $10,000,000.00.

**2.      Parties**

2.1      Daniel Guajardo, Individually and as Representative of the Estate of Miriam Buentello, deceased, is a resident of Harris County, Texas. Mr. Guajardo was the husband of Decedent at the time of death.

2.2      Luz Buentello, Individually and as Representative of the Estate of Miriam Buentello, deceased, is a resident of Harris County, Texas. Ms. Buentello was the mother of Decedent.

2.3     Defendant E.M.A. Transport Services is a Texas corporation which may be served through its registered agent Jesse Manuel Mendoza at 1820 Lone Star Dr., Odessa, TX 79766.

2.4     Pablo Isai Frias is a resident of Texas and may be served at 611 Mesquite St., Pecos, TX 79772.

## 3.     Venue and Jurisdiction

3.1     Venue is proper and maintainable in Harris County, Texas, because the crash in question occurred in Harris County, Texas. The Court has jurisdiction in this matter since Plaintiffs' damages are within its jurisdictional limits.

## 4.     Facts, Legal Claims and Damages

4.1     On or about April 18, 2022 Defendant Pablo Isai Frias was on the job with Defendant E.M.A. Transport Services and driving an 18 wheeler on I-10 near McCarty St. in when he crashed into the rear of an SUV operated by Miriam Buentello, causing Buentello to sustain injuries that led to her death.   At the time of this crash, Defendant Frias was intoxicated.   Defendant Frias has been charged with felony intoxication manslaughter in connection with this crash

4.2     Plaintiffs would show that nothing that the deceased, Miriam Buentello, did or failed to do on the occasion in question caused, or in any way, contributed to the occurrence. To the contrary, the injuries to Decedent and damages to Plaintiffs were proximately caused by the negligence, both of commission and omission, of the Defendants.

4.3     At all relevant times, Defendant Pablo Isai Frias was within the course and scope of his employment with E.M.A Transport Services. The injuries that led to the death of Miriam Buentello were proximately caused by the negligence and negligence *per se* of both Defendants. E. M. A. Transport Services is responsible for the actions of Pablo Isai Frias through the principle of *Respondeat Superior.*

4.4     Defendant Pablo Isai Frias and his employer E.M.A. Transport Services owed certain duties to Decedent Plaintiffs and were negligent in one or more of the following particulars, each of which acts and/or omissions, individually or collectively, constitutes negligence which proximately caused the incident made the basis of this lawsuit, and the resulting injuries and damages to Plaintiffs:

- In failing to maintain a proper lookout;
- In failing to make proper application of the brakes of his vehicle;
- In failing to make timely application of the brakes of his vehicle;
- In failing to bring his vehicle to a stop before it collided with Decedent's vehicle;
- In failing to turn the vehicle to the right or left to avoid a collision;
- In operating a vehicle at a rate of speed in excess of that which it would have been operated by a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances;
- In being inattentive and failing to maintain proper control of his vehicle;
- In operating his vehicle in a reckless manner;
- In failing to obey applicable traffic signals or signs;
- In operating a vehicle while under the influence;
- In failing to mitigate the loss and/or property damage of Decedent's vehicle;
- In violating applicable provisions of the Texas Transportation Code; and
- In operating a motor vehicle while intoxicated.

4.5     The negligence of E.M.A. Transport Services and Pablo Isai Frias was the

proximate cause of the incident, Decedent's injuries and death, and Plaintiffs' resulting damages.

      4.6    Defendants were grossly negligent and acted with malice, as that term is understood under Texas law, and such conduct was the proximate cause of Decedent's injuries and Plaintiffs' damages. Defendants' malicious and grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment of Defendants and their callous disregard for the safety of individuals such as Decedent. Plaintiffs therefore ask for punitive and exemplary damages in addition to actual damages.

      4.7    As a proximate result of Defendants' negligence, Plaintiff, Daniel Guajardo, has sustained the following damages:

        4.7.1   pecuniary loss sustained in the past;
        4.7.2   pecuniary loss that, in reasonable probability, will be sustained in the future;
        4.7.3   loss of companionship and society sustained in the past;
        4.7.4   loss of companionship and society that, in reasonable probability, will be sustained in the future;
        4.7.5   mental anguish sustained in the past;
        4.7.6   mental anguish that, in reasonable probability, will be sustained in the future.

      4.8    As a proximate result of Defendants' negligence, Plaintiff, Luz Buentello, has sustained the following damages:

        4.8.1   pecuniary loss sustained in the past;
        4.8.2   pecuniary loss that, in reasonable probability, will be sustained in the future;
        4.8.3   loss of companionship and society sustained in the past;
        4.8.4   loss of companionship and society that, in reasonable probability, will be sustained in the future;

   4.8.5 mental anguish sustained in the past;

   4.8.6 mental anguish that, in reasonable probability, will be sustained in the future.

 4.9 Daniel Guajardo as the spouse of the deceased, Miriam Buentello and Luz Buentello the mother of the deceased Miriam Buentello, are entitled to bring a wrongful death action pursuant to Section 71.004 of the Texas Civil Practice and Remedies Code, and brings this action for the benefit of all beneficiaries.

 4.10 Furthermore, the estate of Miriam Buentello brings a survival action for pain and suffering, mental anguish and any other damages that she sustained while alive.

 4.11 As a proximate result of the occurrence in question, Miriam Buentello was injured and ultimately succumbed to these injuries. Further, as a proximate result of the occurrence made the basis of this lawsuit Miriam Buentello experienced conscious pain and suffering before her death.

 4.12 Further, and in addition to the previous facts and claims, E.M.A. Transport Services were negligent in hiring, training, and supervising its employees, including Mr. Frias. E.M.A. Transport Services negligently entrusted Mr. Frias with the 18-wheeler when it knew, or should have known, that he was not competent to drive or that the 18-wheeler was defective which was a cause of the crash. Finally, E.M.A. Transport Services and Mr. Frias were in a joint enterprise at the time of this crash. Each of these failures, individually or combined, led to the injuries suffered by plaintiffs.

**5.      Pre- and Post-Judgment Interest**

5.1      Plaintiffs would additionally say and show that they are entitled to recovery of pre- and post-judgment interest in accordance with law and equity as part of their damages herein, and Plaintiffs here and now sue for recovery of pre- and post-judgment interest as provided by law and equity, under the applicable provisions of the laws of the State of Texas.

**6.      Jury Demand**

6.1      Plaintiffs hereby request a trial by jury.

**7.      Conclusion and Prayer**

7.1      Plaintiffs request that Defendants be cited to appear and answer, and that on final trial Plaintiffs have: (1) judgment against Defendants, for actual, compensatory and exemplary damages in accordance with the evidence; (2) pre-judgment and post-judgment interest as provided by law; (3) costs of court; (4) attorney's fees; and (5) such other and further relief, general and special, to which Plaintiffs may show themselves justly entitled at law and in equity.

Respectfully submitted,

**VB Attorneys**

*/s/ Vuk S. Vujasinovic*
**Vuk S. Vujasinovic**
SBN: 00794800
**vuk@vbattorneys.com**
**Jose Calderon**
SBN:  24099405
**jose@vbattorneys.com**
6363 Woodway, Suite 400
Houston, Texas 77056

713.224.7800
713.224.7801 Fax
**Attorneys for Plaintiffs**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Roberta Taherivand on behalf of Vuk vujasinovic
Bar No. 794800
Roberta@vbattorneys.com
Envelope ID: 63734194
Status as of 4/20/2022 1:18 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jose Calderon | | jose@vbattorneys.com | 4/20/2022 12:57:45 PM | SENT |
| Vuk S. Vujasinovic | | vuk@vbattorneys.com | 4/20/2022 12:57:45 PM | SENT |
| Roberta Taherivand | | roberta@vbattorneys.com | 4/20/2022 12:57:45 PM | SENT |

4/20/2022 12:57:45 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 63734194
By: HILL, MARCELLA D
Filed: 4/20/2022 12:57:45 PM



# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK
201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

CASE NUMBER: _____   CURRENT COURT: _____

Name(s) of Documents to be served:   Plaintiffs Original Petition _____

**FILE DATE:** _____4/20/2022_____ Month/Day/Year
**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be

Served):**

**Issue Service to:**   E.M.A. Transport Services _____

Address of Service:   1820 Lone Star Dr., _____

City, State & Zip:   Odessa, TX  79766 _____

Agent (if applicable)   Jesse Manuel Mendoza _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | |
|---|---|
| ☒ **Citation**   ☐ **Citation by Posting**   ☐ **Citation by Publication**   ☐ **Citations Rule 106 Service** | |
| ☐ **Citation Scire Facias**   Newspaper_____ | |
| ☐ **Temporary Restraining Order**   ☐ **Precept**   ☐ **Notice** | |
| ☐ **Protective Order** | |
| ☐ **Secretary of State Citation ($12.00)**   ☐ **Capias** (not by E-Issuance)   ☐ **Attachment** (not by E-Issuance) | |
| ☐ **Certiorari**   ☐ **Highway Commission ($12.00)** | |
| ☐ **Commissioner of Insurance ($12.00)**   ☐ **Hague Convention ($16.00)**   ☐ **Garnishment** | |
| ☐ **Habeas Corpus** (not by E-Issuance)   ☐ **Injunction**   ☐ **Sequestration** | |
| ☐ **Subpoena** | |
| ☐ **Other (Please Describe)** _____ | |

**(See additional Forms for Post Judgment Service)**

---

**SERVICE BY** (check one):                              roberta@vbattorneys.com
☐ **ATTORNEY PICK-UP (phone)** _____   ☒ **E-Issuance by District Clerk**
☐ **MAIL to attorney  at:** _____        **(No Service Copy Fees Charged)**
☐ **CONSTABLE**                           *Note*: The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk**    used to retrieve the E-Issuance Service Documents.
                                          Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

☒ **OTHER,** *explain*   Please forward completed citation to roberta@vbattorneys.com

---

**Issuance of Service Requested By:** Attorney/Party Name: Vuk Vujasinovic/Plt   Bar # or ID  00794800

Mailing Address: 6363 Woodway, Suite 400, Houston, TX  77057

Phone Number: 713-224-7800

4/20/2022 12:57:45 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 63734194
By: HILL, MARCELLA D
Filed: 4/20/2022 12:57:45 PM



## Marilyn Burgess

### HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

CASE NUMBER: _____   CURRENT COURT: _____

Name(s) of Documents to be served:   Plaintiffs Original Petition

FILE DATE: ___04/20/2022___ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:**   Pablo Isai Frias

Address of Service:   611 Mesquite St.

City, State & Zip:   Pecos, TX  79772

Agent (if applicable) _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | | |
|---|---|---|---|
| [X] **Citation** | [ ] **Citation by Posting** | [ ] **Citation by Publication** | [ ] **Citations Rule 106 Service** |
| [ ] **Citation Scire Facias** | **Newspaper**_____ | | |
| [ ] **Temporary Restraining Order** | [ ] **Precept** | | [ ] **Notice** |
| [ ] **Protective Order** | | | |
| [ ] **Secretary of State Citation ($12.00)** | [ ] **Capias** (not by E-Issuance) | | [ ] **Attachment** (not by E-Issuance) |
| [ ] **Certiorari** | [ ] **Highway Commission ($12.00)** | | |
| [ ] **Commissioner of Insurance ($12.00)** | [ ] **Hague Convention ($16.00)** | | [ ] **Garnishment** |
| [ ] **Habeas Corpus** (not by E-Issuance) | [ ] **Injunction** | | [ ] **Sequestration** |
| [ ] **Subpoena** | | | |
| [ ] **Other (Please Describe)** _____ | | | |

**(See additional Forms for Post Judgment Service)**

| | |
|---|---|
| **SERVICE BY (check one):** | roberta@vbattorneys.com |
| [ ] **ATTORNEY PICK-UP (phone)** _____ | [X] **E-Issuance by District Clerk** |
| [ ] **MAIL to attorney   at:** _____ | **(No Service Copy Fees Charged)** |
| [ ] **CONSTABLE** | *Note:* The email registered with EfileTexas.gov must be |
| [ ] **CERTIFIED MAIL by District Clerk** | used to retrieve the E-Issuance Service Documents. |
| | Visit www.hcdistrictclerk.com for more instructions. |

[ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

[X] **OTHER,** *explain*   please forward the completed citation to roberta@vbattorneys.com

**Issuance of Service Requested By:** Attorney/Party Name: Vuk Vujasinovic/Plt   Bar # or ID  00794800

Mailing Address: _6363 Woodway, Suite 400, Houston, TX  77057_

Phone Number: _713-224-7800_

**AFFIDAVIT ATTACHED**

4/26/2022 2:36 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 63920684
By: Lewis John-Miller
Filed: 4/26/2022 2:36 PM

Receipt Number: 928503
Tracking Number: 73997125

COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 2022-23768

| | |
|---|---|
| PLAINTIFF: GUAJARDO, DANIEL (INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF | In the 011th Judicial |
| vs. | District Court of |
| DEFENDANT: E M A TRANSPORT SERVICES | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: FRIAS, PABLO ISAI
611 MESQUITE ST
PECOS TX 79772

      Attached is a copy of PLAINTIFF'S ORIGINAL PETITON AND REQUEST FOR JURY TRIAL.

This instrument was filed on April 20, 2022, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

      YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

      ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this April 20, 2022.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002


Generated By: MARCELLA SINGLETON

Issued at request of:
VUJASINOVIC, VUK
6363 WOODWAY DRIVE SUITE 400
HOUSTON, TX  77057-
713-224-7800
Bar Number: 00794800


**AFFIDAVIT ATTACHED**

Tracking Number: 73997125

CAUSE NUMBER: 2022-23768

PLAINTIFF: GUAJARDO, DANIEL (INDIVIDUALLY          In the 011th

AND AS REPRESENTATIVE OF THE ESTATE OF

   vs.                                                               Judicial District Court

DEFENDANT: E M A TRANSPORT SERVICES               of Harris County, Texas

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _12:17_ o'clock _A_. M., on the _23_ day of _APRIL_, 20 _22_.

Executed at (address) _919 Snyder St, Odessa, TX 79761-6963_

in _Ector_ County

at _4:56_ o'clock _P_. M., on the _23_ day of _APRIL_, 20 _22_,

by delivering to _PABLO ISAI FRIAS_ defendant,

in person, a true copy of this

Citation together with the accompanying _1_ copy(ies) of the

_____ Petition

attached thereto and 1 endorsed on said copy of the Citation the date of delivery.

To certify which 1 affix my hand officially this _23_ day of _APRIL_, 20 _22_.

FEE: $ _____

_____ of _____

County, Texas

_Johnie G. Eads PSC440 EXP07-31-22_          By: _____

   Affiant                                                      Deputy

On this day, _Johnie G Eads_, known to me to be

the person whose signature

appears on the foregoing return, personally appeared. After being by me duly sworn,

he/she stated that this citation was executed by him/her in the exact manner recited

on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _25th_ of

_April_, 20 _22_.

_____

   Notary Public

DAVINA TUCKER
Notary Public, State of Texas
Notary ID# 13281310-6
My Commission Expires 12-07-2024

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 63920684
Status as of 4/26/2022 2:43 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Vuk S. Vujasinovic | | vuk@vbattorneys.com | 4/26/2022 2:36:59 PM | SENT |
| Roberta Taherivand | | roberta@vbattorneys.com | 4/26/2022 2:36:59 PM | SENT |
| Jose Calderon | | jose@vbattorneys.com | 4/26/2022 2:36:59 PM | SENT |

**AFFIDAVIT ATTACHED**

5/9/2022 3:45 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 64325517
By: Lewis John-Miller
Filed: 5/9/2022 3:45 PM

CAUSE NO. 2022-23768

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 928503   TRACKING NO: 73997117

| | |
|---|---|
| Plaintiff:<br>GUAJARDO, DANIEL (INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF<br>vs.<br>Defendant:<br>E M A TRANSPORT SERVICES | In The 011th<br>Judicial District Court of<br><br>Harris County, Texas<br>201 CAROLINE<br>Houston, Texas |

### CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

**To:    E M A TRANSPORT SERVICES (TEXAS CORPORATION) MAY BE SERVED THROUGH ITS**
**REGISTERED AGENT JESSE MANUEL MENDOZA**
**1820 LONE STAR DR, ODESSA TX 79766**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR JURY TRIAL

This instrument was filed on April 20, 2022 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on April 20, 2022, under my hand and seal of said court.



Issued at the request of:

VUJASINOVIC, VUK
6363 WOODWAY DRIVE SUITE 400
HOUSTON, TX  77057-
713-224-7800
Bar Number: 00794800

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:MARCELLA SINGLETON

**AFFIDAVIT ATTACHED**

Tracking Number: 73997117

### CAUSE NUMBER: 2022-23768

PLAINTIFF: GUAJARDO, DANIEL (INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF    In    the
011th

vs.                                                    Judicial District Court of

DEFENDANT: E M A TRANSPORT SERVICES                    Harris County, Texas

### OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _12:17_ o'clock _A_. M. on the _23_ day of _APRIL_____, 20_22_. Executed at

(Address)_meeting place - 1825 Lone Star, Odessa, Tx 79766_____
in

__Ector_____ County at o'clock _2:48pm_ _P_. M. On the _4_ day of _May_____, 20 _22_, by

Delivering to _EMA Transport Services by delivering to its R.A. Jesse Manuel Mendoza_defendant, in person, a true copy of this Citation
together with the accompanying _1_ copy (ies) of the «Attachment».  Petition attached thereto and I endorsed on said
copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____4_____ day of ____May_____, 20_22_

Fees $_____

_Kory Young_   _PSC-19368_                 By_____
         Affiant       _Exp-12/31/22_                        Deputy

On this day, _____KORY YOUNG_____, known to me to be the person whose signature
appears on the foregoing return, personally appeared.  After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _4_ day of ___MAY_____, 20_22_

_Johnie g Eads_
Notary Public

JOHNIE G. EADS
My Notary ID # 1600388
Expires September 19, 2025

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 64325517
Status as of 5/9/2022 4:14 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Vuk S. Vujasinovic | | vuk@vbattorneys.com | 5/9/2022 3:45:05 PM | SENT |
| Roberta Taherivand | | roberta@vbattorneys.com | 5/9/2022 3:45:05 PM | SENT |
| Jose Calderon | | jose@vbattorneys.com | 5/9/2022 3:45:05 PM | SENT |

5/10/2022 11:47 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 64352295
By: Iliana Perez
Filed: 5/10/2022 11:47 AM

## CAUSE NO. <u>2022-23768</u>

| | | |
|---|---|---|
| **DANIEL GUAJARDO and LUZ BUENTELLO** | § | **IN THE DISTRICT COURT OF** |
| **Individually and as Representative of the** | § | |
| **Estate of MIRIAM BUENTELLO, deceased,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| **vs.** | § | **11TH JUDICIAL DISTRICT** |
| | § | |
| **EMA TRANSPORT SERVICES and PABLO** | § | |
| **ISAI FRIAS** | § | |
| | § | |
| *Defendants.* | § | **HARRIS COUNTY, TEXAS** |

## DEFENDANT EMA TRANSPORT SERVICES'S ORIGINAL ANSWER, AFFIRMATIVE DEFENSES, JURY DEMAND, 193.7 NOTICE, AND REQUEST FOR REQUIRED DISCLOSURES

COMES NOW Defendant EMA TRANSPORT SERVICES, who files its Original Answer, Affirmative Defenses, Jury Demand, 193.7 Notice, and Request for Required Disclosures, and shows as follows:

### I.     GENERAL DENIAL

1.     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation contained in Plaintiffs DANIEL GUAJARDO AND LUZ BUENTELLO, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF MIRIAM BUENTELLO, DECEASED,'s Original Petition and demands strict proof thereof by a preponderance of the credible evidence.

### II.     AFFIRMATIVE DEFENSES

2.     Defendant invokes the doctrine of comparative fault under the applicable law and requests a determination of the percentage of responsibility among the parties, settling persons,

and/or responsible third parties. Defendant pleads any and all provisions of Chapters 32 and 33 of the Texas Civil Practice and Remedies Code applicable to this action.

3.      Defendant will show that any damages to have been sustained by Plaintiffs were proximately caused by Plaintiffs' own fault and negligent actions and/or omissions.

4.      To the extent Plaintiffs were negligent and Plaintiffs' negligence was a proximate cause or contributed to causing the accident and/or injuries in question, Defendant invokes the doctrine of comparative fault under the applicable law.

5.      Defendant alleges that in the unlikely event Plaintiffs are found to be entitled to any damages in this matter, which is denied, Plaintiff are not entitled to recover pre-judgment interest on any future damages.

6.      To the extent applicable, Defendant will show that Plaintiffs' damages were the result of independent, intervening, superseding, or supervening factors, occurrences or conditions that were not caused by Defendant and for which it is not liable.

7.      Defendant alleges any pre-judgment interest recoverable is limited in accordance with the terms of Texas Finance Code § 304.101 *et. seq.*

8.      Defendant alleges any post-judgment interest recoverable is limited in accordance with Texas Finance Code § 304.003(c).

9.      Defendant asserts that, to the extent Plaintiffs seek recovery for medical bills, expenses, and services that were incurred, but were never charged to Plaintiffs, or were never paid or incurred because it exceeded the amount authorized by Medicaid, private insurer or any other entity, Plaintiffs are not entitled to the recovery of those amounts. Similarly, Defendant alleges that to the extent any healthcare provider has written off the charges for medical care, then Defendant is entitled to a credit or offset for the total amount of write-offs or expenditures care incurred

and paid by others accruing to Plaintiffs pursuant to Texas Civil Practice and Remedies Code § 41.0105.

10.     Defendant alleges that to the extent Plaintiffs seek to recover lost wages, loss of earning capacity, lost contribution of pecuniary value or loss of inheritance, the limitations of Texas Civil Practice and Remedies Code § 18.091 apply.

11.     Plaintiffs' claim for any punitive/exemplary damages against Defendant must be limited by the provisions of the Texas Civil Practice and Remedies Code, sec. 41.001, et. seq., including, but not limited to, the cap on exemplary damages set forth in §41.008, the preclusion of pre-judgment interest on exemplary damages mandated by §41.007, and the of §41.006.

12.     Plaintiffs' claims for any punitive/exemplary damages also violate the provisions of both the United States Constitution and Texas Constitution's prohibitions against unreasonable fines and punishments as well as the Due Process clause of the United States Constitution.

13.     Defendant denies that Plaintiffs' charges for medical services constitute "reasonable charges."

### III.     JURY DEMAND

14.     Defendant demands a jury trial in accordance with the Texas Rules of Civil Procedure and the Local Rules of this Jurisdiction.

### IV.     193.7 NOTICE

15.     Pursuant to the Texas Rule of Civil Procedure 193.7, Defendant provides all parties notice that the production of any document in response to written discovery authenticates that document for use against that party in any pretrial proceeding or at trial.

## V.    REQUEST FOR REQUIRED DISCLOSURES

16.    Pursuant to Texas Rules of Civil Procedure, Plaintiffs are required to disclose the information and documents described in Rules 194.2, 194.3 and 194.4 within thirty (30) days of the filing of the first Original Answer in this cause.

## VI.    CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays for a judgment that Plaintiffs take nothing, that Defendant recover all its costs, and that Defendant be granted all other relief, at law and in equity, to which he may be justly entitled.

Respectfully submitted,

**RAY PEÑA MCCHRISTIAN, PC**

By:    */s/ Joseph G. Peña*

Joseph G. Peña
State Bar No. 24052898
Jonathan Chaires
State Bar No. 24096479
9601 McAllister Freeway, Suite 901
San Antonio, Texas 78216
(210) 341-3554 (telephone)
(210) 341-3557 (facsimile)
jpena@raylaw.com
jchaires@raylaw.com
*Counsel    for    Defendant    EMA TRANSPORT SERVICES*

## CERTIFICATE OF SERVICE

Pursuant to the Texas Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument was served *via electronic service and/or e-mail* on the **10th** day of **May 2022** upon the following Counsel of Record:

**Vuk Vujasinovic**
**Jose Calderon**
**VB ATTORNEYS**
**6363 Woodway, Suite 400**
**Houston, Texas 77056**
**(713) 224-7800**
**(713) 224-7801 (fax)**
**vuk@vbattorneys.com**
**jose@vbattorneys.com.**


                       /s/ Joseph G. Peña

                           Joseph G. Peña

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Lisa Aguilar on behalf of Joey Pena
Bar No. 24052898
laguilar@raylaw.com
Envelope ID: 64352295
Status as of 5/10/2022 11:58 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Vuk S. Vujasinovic | | vuk@vbattorneys.com | 5/10/2022 11:47:47 AM | SENT |
| Roberta Taherivand | | roberta@vbattorneys.com | 5/10/2022 11:47:47 AM | SENT |
| Jose Calderon | | jose@vbattorneys.com | 5/10/2022 11:47:47 AM | SENT |
| Jonathan Chaires | | jchaires@raylaw.com | 5/10/2022 11:47:47 AM | SENT |
| James Fink | | jfink@raylaw.com | 5/10/2022 11:47:47 AM | SENT |
| Joseph Peña | | jpena@raylaw.com | 5/10/2022 11:47:47 AM | SENT |
| Lisa Aguilar | | laguilar@raylaw.com | 5/10/2022 11:47:47 AM | SENT |
| Dolores Martinez | | dmartinez@raylaw.com | 5/10/2022 11:47:47 AM | SENT |

5/10/2022 6:05 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 64378381
By: Adiliani Solis
Filed: 5/10/2022 6:05 PM

Cause No.: 2022-23768

| | | |
|---|---|---|
| Daniel Guajardo and Luz Buentello, Individually and as Representatives of the Estate of Miriam Buentello, deceased | § § § § § | In the District Court of |
| vs. | § § § | Harris County, Texas |
| E.M.A. Transport Services, Pablo Isai Frias, Sunrise Freight Systems Inc., and Candea Titel Dumitru | § § § | 11th Judicial District |

**Plaintiffs' First Amended Petition and Request for Jury Trial**

Plaintiffs complain of E.M.A. Transport Services, Pablo Isai Frias, Sunrise Freight Systems Inc., and Candea Titel Dumitru and for causes of action would show as follows:

## 1.    Discovery Level

1.1    Plaintiffs intend to conduct discovery in this matter under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. Plaintiffs seek an amount exceeding $10,000,000.00.

## 2.    Parties

2.1    Daniel Guajardo, Individually and as Representative of the Estate of Miriam Buentello, deceased, is a resident of Harris County, Texas. Mr. Guajardo was the husband of Decedent at the time of death.

2.2    Luz Buentello, Individually and as Representative of the Estate of Miriam Buentello, deceased, is a resident of Harris County, Texas. Ms. Buentello was the mother of Decedent.

2.3     Defendant E.M.A. Transport Services is a Texas corporation which has already entered an appearance in this matter.

2.4     Defendant Pablo Isai Frias is a resident of Texas and has already made an appearance in this matter.

2.5     Defendant Sunrise Freight Systems Inc. is a foreign corporation located in the Ontario province of Canada, a signatory country to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Pursuant to Tex. R. Civ. P. 108a, a foreign corporation may be served with process in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Accordingly, under the Hague Convention, the Central Authority is designated by Canada for the Ontario province as an agent for service of process on Sunrise Freight Systems Inc. Therefore, service of process may be served with the Central Authority  designated by Ontario as follows:

> Ministry of the Attorney General
> Ontario Court of Justice
> 393 Main Street
> Hailebury, Ontario P0J 1K0
> Canada

Once process is served on the Central Authority designated by Canada for the province of Ontario, this Central Authority is requested to immediately deliver a copy of the citation and this lawsuit to the home office of Sunrise Freight Systems Inc. as follows:

> Sunrise Freight Systems Inc.
> 1 Sloan Drive
> Inglewood, Ontario L7C 3T5,
> Canada

2.6    Defendant Candea Titel Dumitru is a resident of Canada and may be served with process by serving the Texas Secretary of State at 1019 Brazos St., Austin, Texas 78701 as its agent for service because Defendant engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas. Citation is hereby requested. Their Canadian address is 343 Via Campanile, Woodbridge, Ontario, L4H 0N6, Canada.

## 3.    Venue and Jurisdiction

3.1    Venue is proper and maintainable in Harris County, Texas, because the crash in question occurred in Harris County, Texas. The Court has jurisdiction in this matter since Plaintiffs' damages are within its jurisdictional limits.

## 4.    Facts, Legal Claims, and Damages

4.1    On or about April 18, 2022 Defendant Pablo Isai Frias was on the job with Defendant E.M.A. Transport Services and driving an 18 wheeler on I-10 near McCarty St. in when he crashed into the rear of an SUV operated by Miriam Buentello, causing Buentello to sustain injuries that led to her death.   At the time of this crash, Defendant Frias was intoxicated.   Defendant Frias has been charged with felony intoxication manslaughter in connection with this crash

4.2    Defendants Candea Titel Dumitru and Sunrise Freight Systems Inc. were negligent which was a cause of the incident in question.

4.3    Plaintiffs would show that nothing that the deceased, Miriam Buentello, did or failed to do on the occasion in question caused, or in any way, contributed to the occurrence. To the contrary, the injuries to Decedent and damages to Plaintiffs were proximately caused

by the negligence, both of commission and omission, of the Defendants.

4.4     At all relevant times, Defendant Pablo Isai Frias was within the course and scope of his employment with E.M.A. Transport Services. The injuries that led to the death of Miriam Buentello were proximately caused by the negligence and negligence *per se* of Defendants Pablo Isai Frias and E.M.A. Transport Services. E. M. A. Transport Services is responsible for the actions of Pablo Isai Frias through the principle of *Respondeat Superior*.

4.5     Defendant Pablo Isai Frias and his employer E.M.A. Transport Services owed certain duties to Decedent and Plaintiffs and were negligent in one or more of the following particulars, each of which acts and/or omissions, individually or collectively, constitutes negligence which proximately caused the incident made the basis of this lawsuit, and the resulting injuries and damages to Plaintiffs:

- In failing to maintain a proper lookout;
- In failing to make proper application of the brakes of his vehicle;
- In failing to make timely application of the brakes of his vehicle;
- In failing to bring his vehicle to a stop before it collided with Decedent's vehicle;
- In failing to turn the vehicle to the right or left to avoid a collision;
- In operating a vehicle at a rate of speed in excess of that which it would have been operated by a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances;
- In being inattentive and failing to maintain proper control of his vehicle;
- In operating his vehicle in a reckless manner;
- In failing to obey applicable traffic signals or signs;
- In operating a vehicle while under the influence;
- In failing to mitigate the loss and/or property damage of Decedent's vehicle;
- In violating applicable provisions of the Texas Transportation Code; and
- In operating a motor vehicle while intoxicated.

4.6     The negligence of Defendants was the proximate cause of the incident, Decedent's injuries and death, and Plaintiffs' resulting damages.

4.7     Defendants were grossly negligent and acted with malice, as that term is understood under Texas law, and such conduct was the proximate cause of Decedent's injuries and Plaintiffs' damages. Defendants' malicious and grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment of Defendants and their callous disregard for the safety of individuals such as Decedent. Plaintiffs therefore ask for punitive and exemplary damages in addition to actual damages.

4.8     As a proximate result of Defendants' negligence, Plaintiff, Daniel Guajardo, has sustained the following damages:

    4.8.1   pecuniary loss sustained in the past;
    4.8.2   pecuniary loss that, in reasonable probability, will be sustained in the future;
    4.8.3   loss of companionship and society sustained in the past;
    4.8.4   loss of companionship and society that, in reasonable probability, will be sustained in the future;
    4.8.5   mental anguish sustained in the past;
    4.8.6   mental anguish that, in reasonable probability, will be sustained in the future.

4.9     As a proximate result of Defendants' negligence, Plaintiff, Luz Buentello, has sustained the following damages:

    4.9.1   pecuniary loss sustained in the past;
    4.9.2   pecuniary loss that, in reasonable probability, will be sustained in the future;
    4.9.3   loss of companionship and society sustained in the past;
    4.9.4   loss of companionship and society that, in reasonable probability, will be sustained in the future;
    4.9.5   mental anguish sustained in the past;

      4.9.6   mental anguish that, in reasonable probability, will be sustained in the future.

4.10   Daniel Guajardo as the spouse of the deceased, Miriam Buentello and Luz Buentello as the mother of the deceased Miriam Buentello, are entitled to bring a wrongful death action pursuant to Section 71.004 of the Texas Civil Practice and Remedies Code, and brings this action for the benefit of all beneficiaries.

4.11   Furthermore, the estate of Miriam Buentello brings a survival action for pain and suffering, mental anguish, and any other damages that she sustained while alive.

4.12   As a proximate result of the occurrence in question, Miriam Buentello was injured and ultimately succumbed to these injuries. Further, as a proximate result of the occurrence made the basis of this lawsuit Miriam Buentello experienced conscious pain and suffering before her death.

4.13   Further, and in addition to the previous facts and claims, E.M.A. Transport Services were negligent in hiring, training, and supervising its employees, including Mr. Frias. E.M.A. Transport Services negligently entrusted Mr. Frias with the 18-wheeler when it knew, or should have known, that he was not competent to drive or that the 18-wheeler was defective which was a cause of the crash. Finally, E.M.A. Transport Services and Mr. Frias were in a joint enterprise at the time of this crash. Each of these failures, individually or combined, led to the injuries suffered by plaintiffs.

5.      **Pre- and Post-Judgment Interest**

5.1      Plaintiffs would additionally say and show that they are entitled to recovery of pre- and post-judgment interest in accordance with law and equity as part of their damages herein, and Plaintiffs here and now sue for recovery of pre- and post-judgment interest as provided by law and equity, under the applicable provisions of the laws of the State of Texas.

6.      **Jury Demand**

6.1      Plaintiffs hereby request a trial by jury.

7.      **Conclusion and Prayer**

7.1      Plaintiffs request that Defendants be cited to appear and answer, and that on final trial Plaintiffs have: (1) judgment against Defendants, for actual, compensatory and exemplary damages in accordance with the evidence; (2) pre-judgment and post-judgment interest as provided by law; (3) costs of court; (4) attorney's fees; and (5) such other and further relief, general and special, to which Plaintiffs may show themselves justly entitled at law and in equity.

Respectfully submitted,

**VB Attorneys**

*/s/ Vuk S. Vujasinovic*
**Vuk S. Vujasinovic**
SBN: 00794800
**vuk@vbattorneys.com**
**Jose Calderon**
SBN:   24099405
**jose@vbattorneys.com**
6363 Woodway, Suite 400
Houston, Texas 77056

7

713.224.7800
713.224.7801 Fax
**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of May 2022 a true and correct copy of the above and foregoing was served upon all parties and/or counsel of record in accordance with TRCP Rules 21 and 21a.

*/s/ Vuk S. Vujasinovic*
Vuk Vujasinovic

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Roberta Taherivand on behalf of Vuk vujasinovic
Bar No. 794800
Roberta@vbattorneys.com
Envelope ID: 64378381
Status as of 5/11/2022 8:22 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Vuk S. Vujasinovic | | vuk@vbattorneys.com | 5/10/2022 6:05:36 PM | SENT |
| Roberta Taherivand | | roberta@vbattorneys.com | 5/10/2022 6:05:36 PM | SENT |
| Jose Calderon | | jose@vbattorneys.com | 5/10/2022 6:05:36 PM | SENT |
| Jonathan Chaires | | jchaires@raylaw.com | 5/10/2022 6:05:36 PM | SENT |
| James Fink | | jfink@raylaw.com | 5/10/2022 6:05:36 PM | SENT |
| Joseph Peña | | jpena@raylaw.com | 5/10/2022 6:05:36 PM | SENT |
| Lisa Aguilar | | laguilar@raylaw.com | 5/10/2022 6:05:36 PM | SENT |
| Dolores Martinez | | dmartinez@raylaw.com | 5/10/2022 6:05:36 PM | SENT |

5/10/2022 11:47 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 64352295
By: Iliana Perez
Filed: 5/10/2022 11:47 AM

## CAUSE NO. <u>2022-23768</u>

| | | |
|---|---|---|
| DANIEL GUAJARDO and LUZ BUENTELLO | § | IN THE DISTRICT COURT OF |
| Individually and as Representative of the | § | |
| Estate of MIRIAM BUENTELLO, deceased, | § | |
| | § | |
| *Plaintiffs,* | § | |
| vs. | § | 11TH JUDICIAL DISTRICT |
| | § | |
| E.M.A. TRANSPORT SERVICES and PABLO | § | |
| ISAI FRIAS | § | |
| Frias | § | |
| | § | |
| *Defendants.* | § | HARRIS COUNTY, TEXAS |

---

### DEFENDANT PABLO ISAI FRIAS'S ORIGINAL ANSWER, AFFIRMATIVE DEFENSES, JURY DEMAND, 193.7 NOTICE, AND REQUEST FOR REQUIRED DISCLOSURES

---

COMES NOW Defendant PABLO ISAI FRIAS, who files his Original Answer, Affirmative Defenses, Jury Demand, 193.7 Notice, and Request for Required Disclosures, and shows as follows:

### I. GENERAL DENIAL

1. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation contained in Plaintiffs DANIEL GUAJARDO AND LUZ BUENTELLO, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF MIRIAM BUENTELLO, DECEASED,'s Original Petition and demands strict proof thereof by a preponderance of the credible evidence.

### II. AFFIRMATIVE DEFENSES

2. Defendant invokes the doctrine of comparative fault under the applicable law and requests a determination of the percentage of responsibility among the parties, settling persons,

and/or responsible third parties. Defendant pleads any and all provisions of Chapters 32 and 33 of the Texas Civil Practice and Remedies Code applicable to this action.

3.      Defendant will show that any damages to have been sustained by Plaintiffs were proximately caused by Plaintiffs' own fault and negligent actions and/or omissions.

4.      To the extent Plaintiffs were negligent and Plaintiffs' negligence was a proximate cause or contributed to causing the accident and/or injuries in question, Defendant invokes the doctrine of comparative fault under the applicable law.

5.      Defendant alleges that in the unlikely event Plaintiffs are found to be entitled to any damages in this matter, which is denied, Plaintiff are not entitled to recover pre-judgment interest on any future damages.

6.      To the extent applicable, Defendant will show that Plaintiffs' damages were the result of independent, intervening, superseding, or supervening factors, occurrences or conditions that were not caused by Defendant and for which it is not liable.

7.      Defendant alleges any pre-judgment interest recoverable is limited in accordance with the terms of Texas Finance Code § 304.101 *et. seq.*

8.      Defendant alleges any post-judgment interest recoverable is limited in accordance with Texas Finance Code § 304.003(c).

9.      Defendant asserts that, to the extent Plaintiffs seek recovery for medical bills, expenses, and services that were incurred, but were never charged to Plaintiffs, or were never paid or incurred because it exceeded the amount authorized by Medicaid, private insurer or any other entity, Plaintiffs are not entitled to the recovery of those amounts. Similarly, Defendant alleges that to the extent any healthcare provider has written off the charges for medical care, then Defendant is entitled to a credit or offset for the total amount of write-offs or expenditures incurred

and paid by others accruing to Plaintiffs pursuant to Texas Civil Practice and Remedies Code § 41.0105.

10.     Defendant alleges that to the extent Plaintiffs seek to recover lost wages, loss of earning capacity, lost contribution of pecuniary value or loss of inheritance, the limitations of Texas Civil Practice and Remedies Code § 18.091 apply.

11.     Plaintiffs' claim for any punitive/exemplary damages against Defendant must be limited by the provisions of the Texas Civil Practice and Remedies Code, sec. 41.001, et. seq., including, but not limited to, the cap on exemplary damages set forth in §41.008, the preclusion of pre-judgment interest on exemplary damages mandated by §41.007, and the of §41.006.

12.     Plaintiffs' claims for any punitive/exemplary damages also violate the provisions of both the United States Constitution and Texas Constitution's prohibitions against unreasonable fines and punishments as well as the Due Process clause of the United States Constitution.

13.     Defendant denies that Plaintiffs' charges for medical services constitute "reasonable charges."

### III.     JURY DEMAND

14.     Defendant demands a jury trial in accordance with the Texas Rules of Civil Procedure and the Local Rules of this Jurisdiction.

### IV.     193.7 NOTICE

15.     Pursuant to the Texas Rule of Civil Procedure 193.7, Defendant provides all parties notice that the production of any document in response to written discovery authenticates that document for use against that party in any pretrial proceeding or at trial.

## V.    REQUEST FOR REQUIRED DISCLOSURES

16.    Pursuant to Texas Rules of Civil Procedure, Plaintiffs are required to disclose the information and documents described in Rules 194.2, 194.3 and 194.4 within thirty (30) days of the filing of the first Original Answer in this cause.

## VI.    CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays for a judgment that Plaintiffs take nothing, that Defendant recover all his costs, and that Defendant be granted all other relief, at law and in equity, to which he may be justly entitled.

Respectfully submitted,

**RAY PEÑA MCCHRISTIAN, PC**

By: _/s/ Joseph G. Peña_

Joseph G. Peña
State Bar No. 24052898
Jonathan Chaires
State Bar No. 24096479
9601 McAllister Freeway, Suite 901
San Antonio, Texas 78216
(210) 341-3554 (telephone)
(210) 341-3557 (facsimile)
jpena@raylaw.com
jchaires@raylaw.com

*Counsel for Defendant PABLO ISAI FRIAS*

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Texas Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument was served ***via electronic service and/or e-mail*** on the **10th** day of **May 2022** upon the following Counsel of Record:

**Vuk Vujasinovic**
**Jose Calderon**
**VB ATTORNEYS**
**6363 Woodway, Suite 400**
**Houston, Texas 77056**
**(713) 224-7800**
**(713) 224-7801 (fax)**
**vuk@vbattorneys.com**
**jose@vbattorneys.com**

/s/ Joseph G. Peña

Joseph G. Peña

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lisa Aguilar on behalf of Joey Pena
Bar No. 24052898
laguilar@raylaw.com
Envelope ID: 64352295
Status as of 5/10/2022 11:58 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Vuk S. Vujasinovic | | vuk@vbattorneys.com | 5/10/2022 11:47:47 AM | SENT |
| Roberta Taherivand | | roberta@vbattorneys.com | 5/10/2022 11:47:47 AM | SENT |
| Jose Calderon | | jose@vbattorneys.com | 5/10/2022 11:47:47 AM | SENT |
| Jonathan Chaires | | jchaires@raylaw.com | 5/10/2022 11:47:47 AM | SENT |
| James Fink | | jfink@raylaw.com | 5/10/2022 11:47:47 AM | SENT |
| Lisa Aguilar | | laguilar@raylaw.com | 5/10/2022 11:47:47 AM | SENT |
| Dolores Martinez | | dmartinez@raylaw.com | 5/10/2022 11:47:47 AM | SENT |
| Joseph Peña | | jpena@raylaw.com | 5/10/2022 11:47:47 AM | SENT |



5/10/2022 6:05:36 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 64378381
By: SOLIS, ADILIANI A
Filed: 5/10/2022 6:05:36 PM

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

**Request for Issuance of Service**

**CASE NUMBER:** 2022-23768

**CURRENT COURT:** 11th District Court of Harris County

Name(s) of Documents to be served:   Amended Petition with Citation

**FILE DATE:** 05/10/2022   Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:**   Sunrise Freight Systems Inc.

Address of Service:   393 Main Street

City, State & Zip:   Hailebury Ontario P0J 1K0

Agent (if applicable)   Ministry of the Attorney General Ontario Court of Justice

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [X] **Citation**
- [ ] **Citation by Posting**
- [ ] **Citation by Publication**
- [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**   Newspaper_____
- [ ] **Temporary Restraining Order**
- [ ] **Precept**
- [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**
- [ ] **Capias** (not by E-Issuance)
- [ ] **Attachment** (not by E-Issuance)
- [ ] **Certiorari**
- [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**
- [ ] **Hague Convention ($16.00)**
- [ ] **Garnishment**
- [ ] **Habeas Corpus** (not by E-Issuance)
- [ ] **Injunction**
- [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

| **SERVICE BY** *(check one)*: | roberta@vbattorneys.com |
|---|---|
| [ ] **ATTORNEY PICK-UP (phone)** _____ | [X] **E-Issuance by District Clerk** |
| [ ] **MAIL to attorney   at:** _____ | **(No Service Copy Fees Charged)** |
| [ ] **CONSTABLE** | *Note*: The email registered with EfileTexas.gov must be |
| [ ] **CERTIFIED MAIL by District Clerk** | used to retrieve the E-Issuance Service Documents. |
| | Visit www.hcdistrictclerk.com for more instructions. |

- [ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

- [X] **OTHER**, *explain*   once citation is completed please forward to roberta@vbattorneys.com

**Issuance of Service Requested By:** Attorney/Party Name: Vuk Vujasinovic/Plt   Bar # or ID 00794800

Mailing Address: 6363 Woodway, Suite 400 Houston, TX 77057

Phone Number: 713-224-7800



5/10/2022 6:05:36 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 64378381
By: SOLIS, ADILIANI A
Filed: 5/10/2022 6:05:36 PM

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** 2022.23768

**CURRENT COURT:** 11th District Court of Harris County

**Name(s) of Documents to be served:** Amended Petition with citation

**FILE DATE:** 05/10/2022 Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Candea Titel Dumitru

Address of Service: 343 Via Campaniel

City, State & Zip: Woodbridge, Ontario, L4H 0N6 Canada

Agent (if applicable) _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | | |
|---|---|---|---|
| [x] **Citation** | [ ] **Citation by Posting** | [ ] **Citation by Publication** | [ ] **Citations Rule 106 Service** |

[ ] **Citation Scire Facias**  Newspaper_____

| | | |
|---|---|---|
| [ ] **Temporary Restraining Order** | [ ] **Precept** | [ ] **Notice** |

[ ] **Protective Order**

| | | |
|---|---|---|
| [x] **Secretary of State Citation ($12.00)** | [ ] **Capias** (not by E-Issuance) | [ ] **Attachment** (not by E-Issuance) |
| [ ] **Certiorari** | [ ] **Highway Commission ($12.00)** | |
| [ ] **Commissioner of Insurance ($12.00)** | [ ] **Hague Convention ($16.00)** | [ ] **Garnishment** |
| [ ] **Habeas Corpus** (not by E-Issuance) | [ ] **Injunction** | [ ] **Sequestration** |

[ ] **Subpoena**

[ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

---

**SERVICE BY** (check one):                              roberta@vbattorneys.com
[ ] **ATTORNEY PICK-UP (phone)** _____  [x] **E-Issuance by District Clerk**
[ ] **MAIL to attorney  at:** _____       **(No Service Copy Fees Charged)**
[ ] **CONSTABLE**                                *Note*: The email registered with EfileTexas.gov must be
[ ] **CERTIFIED MAIL by District Clerk**          used to retrieve the E-Issuance Service Documents.
                                                  Visit www.hcdistrictclerk.com for more instructions.

[ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____  Phone: _____

[x] **OTHER,** *explain*  when citation is complete please forward to roberta@vbattorneys.com

---

**Issuance of Service Requested By:** Attorney/Party Name: Vuk Vujasinovic/Plts  Bar # or ID  00794800

Mailing Address: 6363 Woodway, Suite 400 Houston, TX 77057

Phone Number: 713-224-7800

5/11/2022 11:31 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 64395610
By: Lewis John-Miller
Filed: 5/11/2022 11:31 AM

**Cause No.: 2022-23768**

| | | |
|---|---|---|
| Daniel Guajardo and Luz Buentello, | § | **In the District Court of** |
| Individually and as Representatives of the | § | |
| Estate of Miriam Buentello, deceased | § | |
| | § | |
| | § | |
| vs. | § | **Harris County, Texas** |
| | § | |
| | § | |
| E.M.A. Transport Services, Pablo Isai | § | |
| Frias, Sunrise Freight Systems Inc., and | § | **11th Judicial District** |
| Candea Titel Dumitru | § | |

## DEFENDANT EMA TRANSPORT SERVICES'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, JURY DEMAND, 193.7 NOTICE, AND REQUEST FOR REQUIRED DISCLOSURES

COMES NOW Defendant EMA TRANSPORT SERVICES, who files its First Amended Answer, Affirmative Defenses, Jury Demand, 193.7 Notice, and Request for Required Disclosures, and shows as follows:

### I.     GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation contained in Plaintiffs DANIEL GUAJARDO AND LUZ BUENTELLO, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF MIRIAM BUENTELLO, DECEASED,'s First Amended Petition and demands strict proof thereof by a preponderance of the credible evidence.

### II.     AFFIRMATIVE DEFENSES

2.      Defendant invokes the doctrine of comparative fault under the applicable law and requests a determination of the percentage of responsibility among the parties, settling persons,

and/or responsible third parties. Defendant pleads any and all provisions of Chapters 32 and 33 of the Texas Civil Practice and Remedies Code applicable to this action.

3.      Defendant will show that any damages to have been sustained by Plaintiffs were proximately caused by Plaintiffs' own fault and negligent actions and/or omissions.

4.      To the extent Plaintiffs were negligent and Plaintiffs' negligence was a proximate cause or contributed to causing the accident and/or injuries in question, Defendant invokes the doctrine of comparative fault under the applicable law.

5.      Defendant alleges that in the unlikely event Plaintiffs are found to be entitled to any damages in this matter, which is denied, Plaintiff are not entitled to recover pre-judgment interest on any future damages.

6.      To the extent applicable, Defendant will show that Plaintiffs' damages were the result of independent, intervening, superseding, or supervening factors, occurrences or conditions that were not caused by Defendant and for which it is not liable.

7.      Defendant alleges any pre-judgment interest recoverable is limited in accordance with the terms of Texas Finance Code § 304.101 *et. seq.*

8.      Defendant alleges any post-judgment interest recoverable is limited in accordance with Texas Finance Code § 304.003(c).

9.      Defendant asserts that, to the extent Plaintiffs seek recovery for medical bills, expenses, and services that were incurred, but were never charged to Plaintiffs, or were never paid or incurred because it exceeded the amount authorized by Medicaid, private insurer or any other entity, Plaintiffs are not entitled to the recovery of those amounts. Similarly, Defendant alleges that to the extent any healthcare provider has written off the charges for medical care, then Defendant is entitled to a credit or offset for the total amount of write-offs or expenditures incurred

and paid by others accruing to Plaintiffs pursuant to Texas Civil Practice and Remedies Code § 41.0105.

10.     Defendant alleges that to the extent Plaintiffs seek to recover lost wages, loss of earning capacity, lost contribution of pecuniary value or loss of inheritance, the limitations of Texas Civil Practice and Remedies Code § 18.091 apply.

11.     Plaintiffs' claim for any punitive/exemplary damages against Defendant must be limited by the provisions of the Texas Civil Practice and Remedies Code, sec. 41.001, et. seq., including, but not limited to, the cap on exemplary damages set forth in §41.008, the preclusion of pre-judgment interest on exemplary damages mandated by §41.007, and the of §41.006.

12.     Plaintiffs' claims for any punitive/exemplary damages also violate the provisions of both the United States Constitution and Texas Constitution's prohibitions against unreasonable fines and punishments as well as the Due Process clause of the United States Constitution.

13.     Defendant denies that Plaintiffs' charges for medical services constitute "reasonable charges."

### III.     JURY DEMAND

14.     Defendant demands a jury trial in accordance with the Texas Rules of Civil Procedure and the Local Rules of this Jurisdiction.

### IV.     193.7 NOTICE

15.     Pursuant to the Texas Rule of Civil Procedure 193.7, Defendant provides all parties notice that the production of any document in response to written discovery authenticates that document for use against that party in any pretrial proceeding or at trial.

## V.      REQUEST FOR REQUIRED DISCLOSURES

16.      Pursuant to Texas Rules of Civil Procedure, Plaintiffs are required to disclose the information and documents described in Rules 194.2, 194.3 and 194.4 within thirty (30) days of the filing of the first Original Answer in this cause.

## VI.     CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays for a judgment that Plaintiffs take nothing, that Defendant recover all its costs, and that Defendant be granted all other relief, at law and in equity, to which he may be justly entitled.

Respectfully submitted,

**RAY PEÑA MCCHRISTIAN, PC**

By:   /s/ Joseph G. Peña

Joseph G. Peña
State Bar No. 24052898
Jonathan Chaires
State Bar No. 24096479
9601 McAllister Freeway, Suite 901
San Antonio, Texas 78216
(210) 341-3554 (telephone)
(210) 341-3557 (facsimile)
jpena@raylaw.com
jchaires@raylaw.com
*Counsel for Defendant EMA TRANSPORT SERVICES*

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Texas Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument was served ***via electronic service and/or e-mail*** on the **11ᵗʰ** day of **May 2022** upon the following Counsel of Record:

**Vuk Vujasinovic**
**Jose Calderon**
**VB ATTORNEYS**
**6363 Woodway, Suite 400**
**Houston, Texas 77056**
**vuk@vbattorneys.com**
**jose@vbattorneys.com.**

/s/ Joseph G. Peña

Joseph G. Peña

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lisa Aguilar on behalf of Joey Pena
Bar No. 24052898
laguilar@raylaw.com
Envelope ID: 64395610
Status as of 5/11/2022 12:21 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Joseph Peña | | jpena@raylaw.com | 5/11/2022 11:31:38 AM | SENT |
| Vuk S. Vujasinovic | | vuk@vbattorneys.com | 5/11/2022 11:31:38 AM | SENT |
| Roberta Taherivand | | roberta@vbattorneys.com | 5/11/2022 11:31:38 AM | SENT |
| Jose Calderon | | jose@vbattorneys.com | 5/11/2022 11:31:38 AM | SENT |
| Jonathan Chaires | | jchaires@raylaw.com | 5/11/2022 11:31:38 AM | SENT |
| James Fink | | jfink@raylaw.com | 5/11/2022 11:31:38 AM | SENT |
| Lisa Aguilar | | laguilar@raylaw.com | 5/11/2022 11:31:38 AM | SENT |
| Dolores Martinez | | dmartinez@raylaw.com | 5/11/2022 11:31:38 AM | SENT |

5/11/2022 11:31 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 64395610
By: Lewis John-Miller
Filed: 5/11/2022 11:31 AM

**Cause No.: 2022-23768**

| | | |
|---|---|---|
| Daniel Guajardo and Luz Buentello, | § | In the District Court of |
| Individually and as Representatives of the | § | |
| Estate of Miriam Buentello, deceased | § | |
| | § | |
| | § | |
| vs. | § | Harris County, Texas |
| | § | |
| | § | |
| E.M.A. Transport Services, Pablo Isai | § | |
| Frias, Sunrise Freight Systems Inc., and | § | 11th Judicial District |
| Candea Titel Dumitru | § | |

## DEFENDANT PABLO ISAI FRIAS'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, JURY DEMAND, 193.7 NOTICE, AND REQUEST FOR REQUIRED DISCLOSURES

COMES NOW Defendant PABLO ISAI FRIAS, who files his First Amended Answer, Affirmative Defenses, Jury Demand, 193.7 Notice, and Request for Required Disclosures, and shows as follows:

### I.     GENERAL DENIAL

1.     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation contained in Plaintiffs DANIEL GUAJARDO AND LUZ BUENTELLO, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF MIRIAM BUENTELLO, DECEASED,'s First Amended Petition and demands strict proof thereof by a preponderance of the credible evidence.

### II.     AFFIRMATIVE DEFENSES

2.     Defendant invokes the doctrine of comparative fault under the applicable law and requests a determination of the percentage of responsibility among the parties, settling persons,

and/or responsible third parties. Defendant pleads any and all provisions of Chapters 32 and 33 of the Texas Civil Practice and Remedies Code applicable to this action.

3.       Defendant will show that any damages to have been sustained by Plaintiffs were proximately caused by Plaintiffs' own fault and negligent actions and/or omissions.

4.       To the extent Plaintiffs were negligent and Plaintiffs' negligence was a proximate cause or contributed to causing the accident and/or injuries in question, Defendant invokes the doctrine of comparative fault under the applicable law.

5.       Defendant alleges that in the unlikely event Plaintiffs are found to be entitled to any damages in this matter, which is denied, Plaintiff are not entitled to recover pre-judgment interest on any future damages.

6.       To the extent applicable, Defendant will show that Plaintiffs' damages were the result of independent, intervening, superseding, or supervening factors, occurrences or conditions that were not caused by Defendant and for which it is not liable.

7.       Defendant alleges any pre-judgment interest recoverable is limited in accordance with the terms of Texas Finance Code § 304.101 *et. seq.*

8.       Defendant alleges any post-judgment interest recoverable is limited in accordance with Texas Finance Code § 304.003(c).

9.       Defendant asserts that, to the extent Plaintiffs seek recovery for medical bills, expenses, and services that were incurred, but were never charged to Plaintiffs, or were never paid or incurred because it exceeded the amount authorized by Medicaid, private insurer or any other entity, Plaintiffs are not entitled to the recovery of those amounts. Similarly, Defendant alleges that to the extent any healthcare provider has written off the charges for medical care, then Defendant is entitled to a credit or offset for the total amount of write-offs or expenditures incurred

and paid by others accruing to Plaintiffs pursuant to Texas Civil Practice and Remedies Code § 41.0105.

10.     Defendant alleges that to the extent Plaintiffs seek to recover lost wages, loss of earning capacity, lost contribution of pecuniary value or loss of inheritance, the limitations of Texas Civil Practice and Remedies Code § 18.091 apply.

11.     Plaintiffs' claim for any punitive/exemplary damages against Defendant must be limited by the provisions of the Texas Civil Practice and Remedies Code, sec. 41.001, et. seq., including, but not limited to, the cap on exemplary damages set forth in §41.008, the preclusion of pre-judgment interest on exemplary damages mandated by §41.007, and the of §41.006.

12.     Plaintiffs' claims for any punitive/exemplary damages also violate the provisions of both the United States Constitution and Texas Constitution's prohibitions against unreasonable fines and punishments as well as the Due Process clause of the United States Constitution.

13.     Defendant denies that Plaintiffs' charges for medical services constitute "reasonable charges."

### III.     JURY DEMAND

14.     Defendant demands a jury trial in accordance with the Texas Rules of Civil Procedure and the Local Rules of this Jurisdiction.

### IV.     193.7 NOTICE

15.     Pursuant to the Texas Rule of Civil Procedure 193.7, Defendant provides all parties notice that the production of any document in response to written discovery authenticates that document for use against that party in any pretrial proceeding or at trial.

## V.    REQUEST FOR REQUIRED DISCLOSURES

16.    Pursuant to Texas Rules of Civil Procedure, Plaintiffs are required to disclose the information and documents described in Rules 194.2, 194.3 and 194.4 within thirty (30) days of the filing of the first Original Answer in this cause.

## VI.    CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays for a judgment that Plaintiffs take nothing, that Defendant recover all his costs, and that Defendant be granted all other relief, at law and in equity, to which he may be justly entitled.

Respectfully submitted,

**RAY PEÑA MCCHRISTIAN, PC**

By: _/s/ Joseph G. Peña_

Joseph G. Peña
State Bar No. 24052898
Jonathan Chaires
State Bar No. 24096479
9601 McAllister Freeway, Suite 901
San Antonio, Texas 78216
(210) 341-3554 (telephone)
(210) 341-3557 (facsimile)
jpena@raylaw.com
jchaires@raylaw.com

*Counsel for Defendant PABLO ISAI FRIAS*

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Texas Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument was served ***via electronic service and/or e-mail*** on the **11th** day of **May 2022** upon the following Counsel of Record:

**Vuk Vujasinovic**
**Jose Calderon**
**VB ATTORNEYS**
**6363 Woodway, Suite 400**
**Houston, Texas 77056**
**vuk@vbattorneys.com**
**jose@vbattorneys.com**

/s/ Joseph G. Peña

Joseph G. Peña

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lisa Aguilar on behalf of Joey Pena
Bar No. 24052898
laguilar@raylaw.com
Envelope ID: 64395610
Status as of 5/11/2022 12:21 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Vuk S. Vujasinovic | | vuk@vbattorneys.com | 5/11/2022 11:31:38 AM | SENT |
| Roberta Taherivand | | roberta@vbattorneys.com | 5/11/2022 11:31:38 AM | SENT |
| Jose Calderon | | jose@vbattorneys.com | 5/11/2022 11:31:38 AM | SENT |
| Jonathan Chaires | | jchaires@raylaw.com | 5/11/2022 11:31:38 AM | SENT |
| James Fink | | jfink@raylaw.com | 5/11/2022 11:31:38 AM | SENT |
| Lisa Aguilar | | laguilar@raylaw.com | 5/11/2022 11:31:38 AM | SENT |
| Dolores Martinez | | dmartinez@raylaw.com | 5/11/2022 11:31:38 AM | SENT |
| Joseph Peña | | jpena@raylaw.com | 5/11/2022 11:31:38 AM | SENT |

5/17/2022 3:21 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 64590844
By: Anais Aguirre
Filed: 5/17/2022 3:21 PM

**AFFIDAVIT ATTACHED**

CAUSE NO. 202223768

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO.

929988

TRACKING NO: 74004552 EML

Plaintiff:                                                                In The 011thJudicial District
GUAJARDO, DANIEL (INDIVIDUALLY AND AS REPRESENTATIVE OF THE      Court of Harris County, TX
ESTATE OF MIRIAM BUENTELLO {DECEASED})
vs.
Defendant:
E M A TRANSPORT SERVICES                                                        Houston, Texas

CITATION (SECRETARY OF STATE NON-RESIDENT)

THE STATE OF TEXAS
County of Harris

To:   DUMITRU, CANDEA TITEL BY SERVING THE TEXAS SECRETARY OF STATE AT 1019 BRAZOS ST AUSTIN
TEXAS 78701
FORWARD TO:
      343 VIA CAMPANILE, WOODBRIDGE, ONTARIO, L4H 0N6 CANADA

      Attached is a copy of PLAINTIFFS' FIRST AMENDED PETITION AND REQUEST FOR JURY TRIAL.

This instrument was filed on May 10, 2022 in the above cited cause number and court.  The
instrument attached describes the claim against you.

      YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file
a written answer with the District Clerk who issued this citation by 10:00 a.m. on the
Monday next following the expiration date of 20 days after you were served this citation and
petition, a default judgment may be taken against you.  In addition to filing a written
answer with the clerk, you may be required to make initial disclosures to the other parties
of this suit.  These disclosures generally must be made no later than 30 days after you file
your answer with the clerk.  Find out more at TexasLawHelp.org.

TO OFFICER SERVING:
      This citation was issued onMay 11, 2022, under my hand and seal of said court.

Issued at the request of:
VUJASINOVIC, VUK
6363 WOODWAY DRIVE SUITE 400
HOUSTON, TX  77057-
713-224-7800
Bar Number: 00794800



Marilyn Burgess
Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline,  Houston TX 77002
(POBox 4651, Houston, TX 77210)

Generated By: ADILIANI SOLIS

**AFFIDAVIT ATTACHED**

# AFFIDAVIT OF SERVICE

**State of Texas**                     **County of Harris**                     **11th Judicial District Court**

Case Number: 2022-23768

Plaintiff:
**DANIEL GUAJARDO, ET AL**

vs.

Defendant:
**E.M.A. TRANSPORT SERVICES, et al**

Received these papers on the 13th day of May, 2022 at 3:00 pm to be served on **CANDEA TITEL DUMITRU by delivering to THE TEXAS SECRETARY OF STATE, 1019 Brazos Street, 1st Floor Lobby, Austin, Travis County, TX 78701.**

I, Vivian Smith, being duly sworn, depose and say that on the **16th day of May, 2022** at **11:25 am, I:**

delivered true duplicate copies of this **Citation together with Plaintiff's First Amended Petition and Request for Jury Trial** to the within named defendant, **CANDEA TITEL DUMITRU by delivering to THE TEXAS SECRETARY OF STATE**, by and through its designated agent, **VENITA MOSS**, at the address of: **1019 Brazos Street, 1st Floor Lobby, Austin, Travis County, TX 78701**, having first endorsed upon both copies of such process the date of delivery and tendering the $55 Statutory Fee.

I certify that I am approved by the Judicial Branch Certification Commission, Misc. Docket No. 05-9122 under rule 103, 501, and 501.2 of the TRCP to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas.  I am competent to make this oath; I am not less than 18 years of age, I am not a party to the above-referenced  cause, I have not been convicted of a felony or a crime of moral turpitude, and I am not interested in the outcome of the above-referenced cause.

Subscribed and Sworn to before me on the 16th day of
May, 2022 by the affiant who is personally known to me.

**Vivian Smith**
PSC-12617, Exp. 5/31/2024

NOTARY PUBLIC

Our Job Serial Number: THP-2022002784
Ref: Guajardo

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2i




**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 64590844
Status as of 5/17/2022 4:36 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Vuk S. Vujasinovic | | vuk@vbattorneys.com | 5/17/2022 3:21:00 PM | SENT |
| Roberta Taherivand | | roberta@vbattorneys.com | 5/17/2022 3:21:00 PM | SENT |
| Jose Calderon | | jose@vbattorneys.com | 5/17/2022 3:21:00 PM | SENT |
| Jonathan Chaires | | jchaires@raylaw.com | 5/17/2022 3:21:00 PM | SENT |
| James Fink | | jfink@raylaw.com | 5/17/2022 3:21:00 PM | SENT |
| Joseph Peña | | jpena@raylaw.com | 5/17/2022 3:21:00 PM | SENT |
| Lisa Aguilar | | laguilar@raylaw.com | 5/17/2022 3:21:00 PM | SENT |
| Dolores Martinez | | dmartinez@raylaw.com | 5/17/2022 3:21:00 PM | SENT |

# Affidavit Attached

COPY OF PLEADING PROVIDED BY PLT

CAUSE NO. 202223768

5/19/2022 6:19 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 64688714
By: Lewis John-Miller
Filed: 5/19/2022 6:19 PM

RECEIPT No. 929988   TR# 74004550 EML

| | |
|---|---|
| Plaintiff:<br>GUAJARDO, DANIEL (INDIVIDUALLY AND AS REPRESENTATIVE OF THE<br>ESTATE OF MIRIAM BUENTELLO {DECEASED})<br>vs.<br>Defendant:<br>E M A TRANSPORT SERVICES | In The 011th<br>Judicial District Court of<br><br>Harris County, Texas<br>201 CAROLINE<br>Houston, Texas |

CITATION (NON-RESIDENT CORPORATE)

THE STATE OF TEXAS
County of Harris

To:   SUNRISE FREIGHT SYSTEMS INC (A FOREIGN CORPORATION) MAY BE SERVED THROUGH THE HAGUE
CONVENTION
MINISTRY OF THE ATTORNEY GENERAL
ONTARIO COURT OF JUSTICE
393 MAIN STREET
HAILEYBURY, ONTARIO P0J 1K0
CANADA
FORWARD TO:
SUNRISE FREIGHT SYSTEMS INC., 1 SLOAN DRIVE
INGLEWOOD, ONTARIO L7C 3T5,
CANADA

        Attached is a copy of: PLAINTIFFS' FIRST AMENDED PETITION AND REQUEST FOR JURY TRIAL

This instrument was filed on May 10, 2022 in the above cited cause number and court.  The
instrument attached describes the claim against you.

        YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your Attorney do not file
a written answer with the District Clerk who issued this citation by 10:00 a.m. on the
Monday next following the expiration date of 20 days after you were served this citation and
petition, a default judgment may be taken against you.  In addition to filing a written
answer with the clerk, you may be required to make initial disclosures to the other parties
of this suit.  These disclosures generally must be made no later than 30 days after you file
your answer with the clerk.  Find out more at TexasLawHelp.org.

TO OFFICER SERVING:

        This citation was issued on May 11, 2022, under my hand and seal of said court.

Issued at the request of:

VUJASINOVIC, VUK
6363 WOODWAY DRIVE SUITE 400
HOUSTON, TX  77057-
713-224-7800
Bar Number: 00794800



Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE, Houston, TX 77002
(PO Box 4651, Houston, TX
77210)

Generated By: ADILIANI SOLIS

# Affidavit Attached

Tracking Number: 74004550 EML

CAUSE NUMBER: 202223768

PLAINTIFF: GUAJARDO, DANIEL (INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF MIRIAM BUENTELLO {DECEASED})

    vs.

DEFENDANT: E M A TRANSPORT SERVICES

In the 011th
Judicial District Court of
Harris County, Texas

OFFICER - AUTHORIZED PERSON RETURN

Came to hand at __7:10__ o'clock _PM_ M. on the ___19ᵗʰ___ day of ___May___, 20_22_. Executed at

(Address) __393 MAIN ST, HAILEYBURY ONTARIO, CANADA POJ1KO__ _____ in

_____ County at _10_ o'clock _A_. M. On the __18ᵀᴴ__ day of __MAY__, 20_22_, by __MINISTRY OF THE CANADIAN CENTRAL AUTHORITY__ Delivering to __CHERYL GILMOUR, CLERK ATTORNEY GEN.__ ~~defendant~~, in person, a true copy of this Citation together with the accompanying __2__ copy(ies) of the Petition. Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this ___19___ day of ___May___, 20_22_

Fees $_____

_____
    By _____
      Affiant                                       Deputy

On this day, __BRENT ORLANDO CECCHINI__, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _19th_ day of _MAY_ ,
20_22_

_____
Notary Public

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 64688714
Status as of 5/20/2022 8:17 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Vuk S. Vujasinovic | | vuk@vbattorneys.com | 5/19/2022 6:19:56 PM | SENT |
| Roberta Taherivand | | roberta@vbattorneys.com | 5/19/2022 6:19:56 PM | SENT |
| Jose Calderon | | jose@vbattorneys.com | 5/19/2022 6:19:56 PM | SENT |
| Jonathan Chaires | | jchaires@raylaw.com | 5/19/2022 6:19:56 PM | SENT |
| James Fink | | jfink@raylaw.com | 5/19/2022 6:19:56 PM | SENT |
| Joseph Peña | | jpena@raylaw.com | 5/19/2022 6:19:56 PM | SENT |
| Lisa Aguilar | | laguilar@raylaw.com | 5/19/2022 6:19:56 PM | SENT |
| Dolores Martinez | | dmartinez@raylaw.com | 5/19/2022 6:19:56 PM | SENT |

7/26/2022 10:40 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 66666828
By: Anais Aguirre
Filed: 7/26/2022 10:40 AM

## CAUSE NO. 2022-23768

| | | |
|---|---|---|
| DANIEL GUAJARDO and LUZ BUENTELLO Individually and as Representative of the Estate of MIRIAM BUENTELLO, deceased, | § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | 11th JUDICIAL DISTRICT |
| v. | § § | |
| EMA TRANSPORT SERVICES, PABLO ISAI FRIAS, SUNRISE FREIGHT SYSTEMS, INC., and CANDEA TITEL DUMITRU | § § § § § | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

## DEFENDANT SUNRISE FREIGHT SYSTEMS, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Sunrise Freight Systems, Inc. (hereinafter "Sunrise" or "Defendant") and files its Original Answer and respectfully shows the Court as follows:

### I.
### GENERAL DENIAL

1.     Defendant hereby deny each and every, all and singular, the material allegations contained in Plaintiffs' First Amended Original Petition, and demand that Plaintiffs be required to prove their allegations by a preponderance of the evidence as required by law.

### II.
### AFFIRMATIVE DEFENSES

2.     Plaintiffs' injuries were caused by the acts and/or omissions of co-Defendants over whom Defendant had no legal right of control.

3.      Pleading in the alternative, Plaintiffs' alleged injuries were caused in whole or in part by their own negligence and negligence per se, including violations of the Texas Transportation Code.

4.      Pleading in the alternative, Plaintiffs' injuries were caused by the acts and/or omissions of third parties over whom Defendant had no legal right of control.

5.      Pleading in the alternative, Plaintiffs' injuries were caused by the criminal acts and/or omissions of criminal third parties over whom Defendant had no legal right of control. Unidentified driver(s) traveling in front of Defendant Candea Dumitri made an illegal lane change which caused traffic to stop suddenly.

6.      Plaintiffs' claims are barred as no act or omission of Defendant was a sole, proximate, producing and/or contributing cause of Plaintiffs' alleged injuries.

7.      Pleading in the alternative, Plaintiffs' alleged injuries were the result of a sole proximate cause or a new and independent cause unrelated to any alleged act or omission of Defendant.

8.      Pleading in the alternative, the damages about which Plaintiffs complain were the result of a superseding, intervening cause unrelated to any alleged act or omission of Defendant.

9.      Pleading in the alternative, Defendant is entitled to an offset, credit, contribution and proportionate reduction regarding any percentage of negligence attributable to Plaintiffs, codefendant, responsible third parties and settling parties.  Defendant invokes Chapter 32 and Chapter 33 of the Texas Civil Practice and Remedies Code vis-à-vis contribution and proportionate responsibility.

10.     Pleading in the alternative, Plaintiffs have no evidence to raise a genuine issue of material fact on one or more elements of any claim on which they have the burden of proof.

11.     Pleading in the alternative, Section 41.0105 of the Texas Civil Practice and Remedies Code restricts Plaintiffs' recovery, if any, to only those medical expenses each actually paid or that were incurred by or on her behalf.

12.     Pleading in the alternative, it is Plaintiffs' burden to prove the medical procedures were reasonably related to the incident and the medical expenses were reasonable and necessary.

13.     Pleading in the alternative, Plaintiffs are not entitled to recover any damages that were pre-existing or not otherwise exacerbated by the alleged incident.

14.     Pleading in the alternative, the accident was unavoidable.

15.     Pleading in the alternative, the accident was the result of a sudden emergency that Defendant did not create.

16.     Pleading in the alternative, Plaintiffs failed to mitigate their alleged damages.

17.     Defendant denies all allegations of liability and damages.

18.     Further answering herein, Defendant affirmatively pleads the following provisions of Chapter 41 of the Texas Civil Practice & Remedies Code:

(a)     §41.003(a), (b), (d) and (e) which require that Plaintiffs prove by clear and convincing evidence, as defined by §41.001(2), the elements of exemplary damages, that the burden may not be shifted to the Defendant, and that evidence of ordinary negligence is unsatisfactory, that exemplary damages may be awarded only if the jury was unanimous in regard to finding liability for and the amount of exemplary damages, and that the jury must be instructed as to the need for unanimity regarding a decision on exemplary damages.

(b)     §41.004(a), (b) which state that except as provided by Subsection (b), exemplary damages may be awarded only if damages other than nominal damages are awarded; and (b) Exemplary damages may not be awarded to a claimant who elects to have his recovery multiplied under another statute.

(c)     §41.006, which requires that, in an action in which there are two or more Defendants, an award of exemplary damages must be specific as to the Defendant,

and each defendant is liable only for the amount of each award made against that defendant.

(d) §41.007, which precludes the assessment or recovery of prejudgment interest on awards of exemplary damages.

(e) §41.008(a) and (b), which places limitations on the Plaintiff's recovery of exemplary damages to the greater of: (1)(a) two times the amount of economic damages, as defined by §41.001(4), plus (b) an amount equal to non-economic damages found by the jury, not to exceed $750,000.00 or, (2) $200,000.00.

(f) §41.008(e), which provides that the preceding limitations may not be made known to the jury.

(g) §41.009, which requires a bifurcated trial upon motion by any defendant.

(h) §41.010 and §41.012, which provide for the jury instructions and considerations necessary before making and awarding exemplary damages.

(i) §41.011, which provides the six areas of evidence that the trier of the fact shall consider relating to exemplary damages and providing that evidence that is relevant only to the amount of exemplary damages is not admissible during the first phase of a bifurcated trial.

(j) §41.013, which sets forth the standard for judicial review of the award.

(k) §41.0105, which states that in addition to any other limitation under law, recovery of medical or health care expenses incurred is limited to the amount of medical or health care expenses actually paid or incurred by or on behalf of the claimant.

In the event that this chapter does not apply, then:

(a) There should be no recovery of exemplary or punitive damages for the reason that an award of such damage would be unconstitutional in failing to place a limit on the amount of such damage award; an award of such damages would be void for vagueness and violated of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the U.S. Constitution; an award of such damages would violate Art. 1, § 10 and § 13 of the Constitution of the State of Texas.

(b)    Any award of punitive damages would violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

(c)    Punitive damages are a form of punishment imposed by the Court, and the standard of proof to sustain such damages must be clear and convincing evidence to comport with the Due Process Clause of the Fourteenth Amendment of the United States Constitution, Section 19 of the Constitution of the State of Texas, or the Constitution and laws of any other state deemed to apply in this case.

19.    Any award of punitive damages would be imposed under a standard of conduct formulated years after any of this Defendant's actions; a retroactive application of the standard of conduct would be a violation of due process.

20.    Defendant hereby invokes Rule 193.7 of the Texas Rules of Civil Procedure and gives notice of Defendant's intent to use any and/or all documents produced in discovery by any party to this cause as evidence in any pretrial proceedings and/or the trial of this cause.

### III.
### RESERVATION OF RIGHT TO AMEND

21.    Defendant reserves the right to amend and/or supplement this Original Answer.

### IV.
### DEMAND FOR JURY TRIAL

22.    Defendant requests a jury trial and will pay the appropriate fee as required by the Texas Rules of Civil Procedure, if not already paid.

### CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Sunrise Freight Systems, Inc. prays that Plaintiffs take nothing by their claims and causes of action against Defendant and that Defendant be granted such other relief, whether general or special, at law or in equity, to which it may show itself to be justly entitled, and for which it will ever pray.

Respectfully submitted,

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, L.L.P.**

By:     */s/ Garett A. Willig*
        Garett A. Willig
        State Bar No. 24066297
        garett.willig@wilsonelser.com
        Brian S. O'Rear
        State Bar No. 24092915
        Brian.ORear@wilsonelser.com
        Telephone: 713-353-2000
        Facsimile: 713-785-7780
        **COUNSEL FOR DEFENDANT,
        SUNRISE FREIGHT SYSTEMS, INC.**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 26th day of July 2022, I electronically served the foregoing using Texas E-file.gov which sends notification of such filing to all counsel of record.

*/s/ Brian S. O'Rear*
Brian S. O'Rear

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Niki Fischer on behalf of Brian O'Rear
Bar No. 24092915
niki.fischer@wilsonelser.com
Envelope ID: 66666828
Status as of 7/26/2022 10:55 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Joseph Peña | | jpena@raylaw.com | 7/26/2022 10:40:44 AM | SENT |
| Vuk S. Vujasinovic | | vuk@vbattorneys.com | 7/26/2022 10:40:44 AM | SENT |
| Roberta Taherivand | | roberta@vbattorneys.com | 7/26/2022 10:40:44 AM | SENT |
| Jose Calderon | | jose@vbattorneys.com | 7/26/2022 10:40:44 AM | SENT |
| Jonathan Chaires | | jchaires@raylaw.com | 7/26/2022 10:40:44 AM | SENT |
| James Fink | | jfink@raylaw.com | 7/26/2022 10:40:44 AM | SENT |
| Lisa Aguilar | | laguilar@raylaw.com | 7/26/2022 10:40:44 AM | SENT |
| Dolores Martinez | | dmartinez@raylaw.com | 7/26/2022 10:40:44 AM | SENT |
| Michelle Cochran | | michelle.cochran@wilsonelser.com | 7/26/2022 10:40:44 AM | SENT |
| Niki Fischer | | niki.fischer@wilsonelser.com | 7/26/2022 10:40:44 AM | SENT |
| Brian O'Rear | | brian.orear@wilsonelser.com | 7/26/2022 10:40:44 AM | SENT |
| Garett Willig | | garett.willig@wilsonelser.com | 7/26/2022 10:40:44 AM | ERROR |

9/1/2022 3:50:13 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 67900602
By: AGUIRRE, ANAIS
Filed: 9/1/2022 3:50:13 PM

Cause No. 2022-23768

| | | |
|---|---|---|
| Daniel Guajardo and Luz Buentello, | § | In the District Court of |
| Individually and as Representatives of the | § | |
| Estate of Miriam Buentello, deceased | § | |
| *Plaintiffs*, | § | |
| | § | |
| vs. | § | Harris County, Texas |
| | § | |
| | § | |
| E.M.A. Transport Services, Pablo Isai | § | |
| Frias, Sunrise Freight Systems Inc., and | § | |
| Candea Titel Dumitru | § | |
| *Defendants*. | § | 11th Judicial District |

**AGREED FINAL TAKE-NOTHING JUDGMENT REGARDING PLAINTIFFS DANIEL GUAJARDO AND LUZ BUENTELLO, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF MIRIAM BUENTELLO, DECEASED AND THE ESTATE OF MIRIAM BUENTELLO, DECEASED,'S CLAIMS AGAINST DEFENDANTS E.M.A. TRANSPORT SERVICES AND PABLO ISAI FRIAS**

This Court, having considered the *Joint Motion for Entry of Agreed Final Take Nothing Judgment* filed by Plaintiffs DANIEL GUAJARDO AND LUZ BUENTELLO, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF MIRIAM BUENTELLO, DECEASED, and Defendants E.M.A. TRANSPORT SERVICES and PABLO ISAI FRIAS and having been advised that the dispute between Plaintiffs DANIEL GUAJARDO AND LUZ BUENTELLO, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF MIRIAM BUENTELLO, DECEASED, and THE ESTATE OF MIRIAM BUENTELLO, DECEASED, and Defendants E.M.A. TRANSPORT SERVICES and PABLO ISAI FRIAS has been fully and finally settled, is of the opinion that the motion should be GRANTED.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiffs DANIEL GUAJARDO AND LUZ BUENTELLO, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF MIRIAM BUENTELLO, DECEASED, and THE

834,252

ESTATE OF MIRIAM BUENTELLO, DECEASED, are to TAKE NOTHING on all their claims

against Defendants E.M.A. TRANSPORT SERVICES and PABLO ISAI FRIAS. All costs of the

Court are to be taxed against the parties incurring same. All other relief not hereby granted is

DENIED.

SIGNED and ENTERED this _____ day of _____ 2022.

Signed:
9/9/2022

_____
JUDGE PRESIDING

**APPROVED FOR ENTRY AS TO SUBSTANCE AND FORM:**

RAY PEÑA MCCHRISTIAN, PC

By:     _/s/  Jonathan Chaires_____
          Joseph G. Peña
          State Bar No. 24052898
          Jonathan Chaires
          State Bar No. 24096479
          9601 McAllister Freeway, Suite 901
          San Antonio, Texas 78216
          (210) 341-3554 (telephone)
          (210) 341-3557 (facsimile)
          jpena@raylaw.com
          jchaires@raylaw.com

*Counsel for Defendants E.M.A. TRANSPORT SERVICES
and PABLO ISAI FRIAS*


AND


VB ATTORNEYS


By:     _Vuk S. Vujasinovic_____
          Vuk S. Vujasinovic
          State Bar No. 00794800
          Jose Calderon
          State Bar No. 24099405
          6363 Woodway, Suite 400
          Houston, Texas 77056
          (713) 224-7800 (telephone)
          (713) 224-7801 (facsimile)
          vuk@vbattorneys.com
          jose@vbattorneys.com

*Counsel for Plaintiffs DANIEL GUAJARDO AND
LUZ BUENTELLO, INDIVIDUALLY AND AS
REPRESENTATIVES OF THE ESTATE OF
MIRIAM BUENTELLO, DECEASED*